IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| L.C. GARNER MATHIS, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | C.A. No. C-05-545 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner L.C. Garner Mathis ("Petitioner" or "Mathis") is a federal inmate who, at the time he filed this habeas petition pursuant to 28 U.S.C. § 2241, was incarcerated at the Federal Corrections Institute in Three Rivers, Texas.[1] Proceeding *pro se,* he filed his petition and supporting brief on November 14, 2005. (D.E. 1, 2).

After initially failing to respond as ordered by United States Magistrate Judge Ellington, (D.E. 9, 16-17), the United States filed an answer and motion to dismiss the petition on July 13, 2006. (D.E. 18). Mathis filed a reply on July 28, 2006, which the Court has also considered. (D.E. 19). For the reasons set forth herein, the Court construes Mathis' first claim as a motion under § 2255 and dismisses it without prejudice. His second claim is denied on its merits.

---

[1] Petitioner has since been transferred to a federal facility in Beaumont, Texas. (D.E. 11). Nonetheless, jurisdiction must be judged as of the time the petition is filed. Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001). At the time of filing, Petitioner was incarcerated in this district. Thus, jurisdiction and venue over his § 2241 motion are proper. See id.; 28 U.S.C. § 2241(d).

1

## I. BACKGROUND FACTS AND PROCEEDINGS

On March 2, 1995, Mathis was indicted by a federal grand jury in the United States District Court for the Northern District of Texas in a multi-count indictment. (See generally docket sheet in USDC No. 3:95-cr-060-H(1)). He ultimately pleaded guilty to violating 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, robbery by threats of violence and aiding and abetting, respectively. By judgment entered August 3, 1995, Mathis was sentenced by the Honorable Barefoot Sanders to 170 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (See D.E. 18, Exh. 1A). The judgment was silent as to whether his sentence should run concurrently or consecutively to Mathis' undischarged state sentence for a prior arson offense.

Mathis did not appeal from the judgment of conviction and sentence. Instead, he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas in March 2000, which that court denied as untimely. (See docket entries 48-55 in USDC No. 3:95-cr-060-H(1)). He appealed from that denial, but the Fifth Circuit dismissed his appeal. (See docket entries 59, 61 in USDC No. 3:95-cr-060-H(1); see also docket in United States v. Mathis, No. 00-10974 (5th Cir.)). He then filed the instant petition. (D.E. 1).

## II. PARTIES' CONTENTIONS

In his § 2241 petition before this Court, Mathis makes two distinct arguments. First, he argues that the sentencing court erred in sentencing him as a career offender under

U.S.S.G. § 4B1.1.  He claims that the sentencing court incorrectly classified his prior arson conviction as a crime of violence, and that the crime should not have been used to enhance his sentence.  In connection with this claim, he argues that he is "actually innocent" of the enhancement. (D.E. 1 at 3).  The Court interprets this an argument that he should be permitted to proceed under § 2241 and the savings clause of § 2255 because he is actually innocent.

Second, Mathis argues that his sentence in his federal case should have been ordered to run concurrently with his undischarged term of imprisonment for the arson case.  (D.E. 2 at 4).  He argues that "[t]he Federal Bureau of Prisons has failed to credit [him] with the prior time spent in State Prison because the Commitment Order remains silent as to concurrency."  (Id.).

The United States of America has filed a response in which it moves for dismissal of Mathis' petition. (D.E. 18).  Respondent devotes a large portion of its motion to arguing that claims under Apprendi v. New Jersey, 530 U.S. 466 (2000) may not be brought in a successive petition, and that Apprendi claims do not fall within § 2255's savings clause. (See D.E. 18 at 3-11).  The Court shares Mathis' confusion over Respondent's focus on Apprendi. (See D.E. 19 at 2-3).  Nowhere does Mathis' motion or supporting brief refer to Apprendi, nor does either document make an Apprendi-type claim.  Moreover, Mathis makes clear in his reply that he did not intend to assert a claim under Apprendi.  (D.E. 19 at 3).  Accordingly, the Court need not address Respondent's assertions regarding Apprendi,

for they have no bearing on the instant petition.

Respondent also argues in general terms that the claims asserted by Petitioner seek relief that is properly brought in a § 2255 motion. Moreover, Respondent contends that Mathis' claims do not fall within the savings clause of that statute, so as to allow him to bring them in a § 2241 petition. (D.E. 18 at 11). Finally, as to Mathis' second claim, Respondent argues that Mathis is not entitled to any credit for time spent in state custody and that, accordingly, the BOP has not erred in failing to award him any such credit.

For the reasons discussed herein, the Court concludes that Mathis' first claim is not a proper § 2241 claim and that he is not entitled to proceed under § 2241 as to that claim. With regard to his second claim, the Court agrees with the United States that Mathis has failed to state a claim for which relief can be granted. For these reasons, discussed in more detail herein, the Court DISMISSES his petition.

### III. DISCUSSION

**A.     The Interplay of § 2255 and § 2241**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence.... Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.... Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is

4

>inadequate or effective....
>
>We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or effective.... [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus, a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth

5

Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.'  Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (italics in original) (citing Pack, 218 F.3d at 452).  Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)).  Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act.  Pack, 218 F.3d at 452-453 (citations omitted).  Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.  Id. at 453.

Here, Petitioner's first claim attacks his sentencing and the fact that the sentencing court sentenced him as a career criminal.  Thus, this claim seeks relief that is available not pursuant to § 2241, but pursuant to § 2255.  His petition implicitly recognizes this, because

he seems to be arguing that he satisfies the "actual innocence" requirement and thus should be permitted to proceed under § 2241. (See generally D.E. 2 at 1 (claiming he is "actually innocent" of the enhancement). For the reasons set forth in the next section, the Court disagrees. Mathis' first claim does not fall within the savings clause and his petition should be dismissed.

**B.      The Savings Clause of § 2255 Is Inapplicable to Petitioner's First Claim**

As noted, a prisoner seeking to invoke the savings clause of § 2255 must show that he is asserting a claim of actual innocence

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam) (quoting Reyes-Requena, 243 F.3d at 893).

Petitioner's attempts to utilize the savings clause fail in the first instance because he has not even alleged, let alone shown, that he is actually innocent of the crime of conviction. Rather, all of this arguments are premised on his being "innocent" of a "crime of violence" warranting the career offender enhancement. Put differently, he claims that he can satisfy the actual innocence prong of Reyes-Requena (also described as being convicted of a non-existent offense) because he was sentenced as a career offender based on a "crime of violence" -- arson -- that he claims was not in fact a "crime of violence."

7

Quite simply, his claim is not the type of actual innocence claim contemplated by the savings clause. Kinder, 222 F.3d at 213-14 (petitioner's argument that his underlying conviction could not support application of the career offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause). Accordingly, Petitioner does not meet the criteria for proceeding under the savings clause for this reason alone.

Moreover, Mathis has also failed to satisfy the second Reyes-Requena prong. Indeed, he does not identify or cite to *any* Supreme Court decision, let alone one that is retroactively applicable and shows he is innocent.

For all of the foregoing reasons, the undersigned concludes that Petitioner's first claim is more properly a § 2255 claim and that he is not entitled to proceed under the savings clause. Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for the Court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Thus, Petitioner's first claim is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Southern District of Texas does not have jurisdiction over Mathis' motion. Section 2255 motions must be filed in the court where the sentence or conviction being challenged was imposed. Because Petitioner is challenging

a sentence imposed by the Northern District of Texas, his § 2255 motion should be filed there.[2] Because jurisdiction is not proper in this district, the Court construes his first claim as a § 2255 motion and dismisses the claim without prejudice. Lee, 244 F.3d at 375 & n.4 (rather than transferring a petition it does not have jurisdiction over, the Court should dismiss it without prejudice).

**C.    Petitioner's Second Claim Fails As A Matter of Law**

Petitioner's second claim is couched in two different ways. That is, he claims both that: (1) his federal sentence should have been ordered to be served concurrently with his undischarged state sentence, pursuant to U.S.S.G. § 5G1.3; and (2) the BOP "has failed to credit [him] with the prior time spent in State Prison because the Commitment Order remains silent as to concurrency." (D.E. 2 at 1, 4).

**1.    Alleged Error by the Sentencing Court**

The first portion of Mathis' claim alleges an error by the sentencing court. Thus, like his first claim, this portion of his second claim is one that is properly construed as a § 2255 motion. See Tolliver, 211 F.3d at 877. The analysis in Sections III.A. and III.B. supra, is

---

[2] The Court also notes, however, that construed as a § 2255 motion, Petitioner's motion is likely a "second or successive" motion. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (internal citation omitted). Petitioner is required to seek and acquire the approval of the Fifth Circuit before filing a second or successive § 2255 motion. See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

9

equally applicable here. Accordingly, to the extent Mathis challenges the sentencing court's decision not to impose a concurrent sentence, his claim is construed as a § 2255 motion and is dismissed without prejudice.

### 2. Alleged Miscalculation of Sentence by the BOP

The second portion of his second claim, i.e., that the BOP has erred in carrying out his sentence, is a proper § 2241 claim, but fails on its merits.[3] Specifically, Mathis contends that at the time he was sentenced in his federal cause, he was serving an undischarged term of imprisonment of 20 years for a prior state conviction for arson. Mathis seems to be arguing that the federal judgment's silence means that the BOP should treat his federal sentence as running concurrently with his undischarged state sentence. In fact, however, the law holds that the opposite is true. Indeed, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a). The BOP's Program

---

[3] Mathis' petition does not indicate that he ever raised this issue with the BOP prior to seeking relief with this Court. Instead, in response to questions about exhaustion, his petition contains the typed notation "N/A." (See D.E. 1 at 3, 4). Therefore, the claim is likely unexhausted and barred from consideration. United States v. Wilson, 503 U.S. 329, 335 (1992) (a federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); United States v. Smith, 869 F.2d 835, 837 n.1 (5th Cir. 1989). Respondent, however, does not raise this defense in its answer or motion to dismiss. Although the Court could raise the failure to exhaust sua sponte, it "should not do so lightly." Prieto v. Quarterman, 456 F.3d 511, 518 (5th Cir. 2006) (quoting United States v. Willis, 273 F.3d 592, 597 (5th Cir. 2001)). Accordingly, rather than deny Mathis' petition for failure to exhaust administrative remedies, the Court addresses the merits of his claim.

Statement 5880.28, which addresses this issue, is consistent with this legal authority. (See D.E. 18 at Exh. 1B). Moreover, the BOP has followed its program statement and the foregoing law in this case. Because Mathis' judgment is silent, his federal sentence runs consecutively to his state sentence. He has not shown any error by the BOP.

In his reply, Mathis claims that he was in federal custody from the date of his indictment (March 1, 1995) through sentencing. (D.E. 19 at 3-4). Although it is not entirely clear, he appears to be arguing that he should be given credit against his federal sentence for the period from March 1995 through August 1995. Mathis' suggestion that he was in federal custody at any point prior to his sentencing is belied by the docket in his federal case, which indicates that he was present pursuant to a writ of habeas corpus ad prosequendum. (See docket entries 7, 8 and 11 in USDC No. 3:95-cr-060-H(1)).

Notably, inmates are not entitled to double credit for time spent in detention prior to sentencing. United States v. Wilson, 112 S. Ct. 1351, 1353 (1992). Also, the time a state prisoner spends "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum does not serve to interrupt the state's custody over an inmate. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

Mathis has not alleged, nor has he provided any evidence to show, that the time between his federal indictment and sentencing was not credited against his state sentence. Accordingly, Mathis is not entitled to credit for the same time against his federal sentence.

18 U.S.C. § 3585(b).[4]

The record shows that Petitioner has received all of the time credit he is due under the relevant statutes, regulations and case law. Accordingly, his second claim fails.

## IV. CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss (D.E. 18) is GRANTED. Petitioner's first claim for relief and his claim that the sentencing court erred in not imposing concurrent sentences are construed as a motion under 28 U.S.C. § 2255 and DISMISSED WITHOUT PREJUDICE. Petitioner's second claim for relief, which alleges that the BOP has erred in calculating his sentence, and which is properly brought in his § 2241 petition, is DISMISSED WITH PREJUDICE.

ORDERED this 29th day of September, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[4] The text of § 3585(b) reads as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.